**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARJORIE CHULSKY, on behalf of herself and all others similarly situated,<br><br>     Plaintiff,<br><br>     v.<br><br>FIRST NIAGARA BANK, N.A., et al.,<br><br>     Defendants. | Civil Action No. 15-421 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

  This matter comes before the Court on the motion of Plaintiff Marjorie Chulsky ("Plaintiff" or "Chulsky") to remand the case to state court pursuant to 28 U.S.C. § 1447(c). (ECF No. 6.) Defendant First Niagara Bank, N.A. ("Defendant" or "First Niagara") filed opposition (EFC No. 10), and Plaintiff replied (ECF No. 11). The Court, having considered the parties' arguments, decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court grants Plaintiff's motion to remand.

**I.  Background**

  The following background information addresses only those allegations and facts relevant to the motion under consideration. This case involves a dispute over whether the Class Action Fairness Act of 2005, Pub L. No. 109-2, 119 Stat. 4 (2005) (codified in scattered sections of 28 U.S.C.) ("CAFA"), provides for jurisdiction. Specifically, the issue is whether the matter in controversy meets the jurisdictional requirement of a sum or value of $5,000,000. 28 U.S.C. § 1332(d)(2). Plaintiff originally filed this putative class action in New Jersey Superior Court. (*See*

Notice of Removal, Ex. A. ("Compl."), ECF No. 1-1.) Plaintiff alleges that Defendant violated the New Jersey Uniform Commercial Code, N.J.S.A. 12A:1-101 ("UCC"), the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 ("CFA"), and the New Jersey Truth-in-Consumer Contract, Warranty, and Notice Act, N.J.S.A. 56:12-14 ("TCCWNA"). (Compl. ¶ 1.) Defendant alleges that the Court has original jurisdiction under CAFA because the amount in controversy meets the jurisdictional requirement.[1] (Notice of Removal 1.) Plaintiff argues that the Court does not have jurisdiction and moves to remand the case to New Jersey Superior Court. (Pl.'s Moving Br. 1-2, ECF No. 6-1.)

## II.     Legal Standard

Matters removed to federal court should be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). In order to have subject matter jurisdiction under CAFA, the amount in controversy must exceed the sum or value of $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). "The party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citing *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). In CAFA cases where the sole dispute concerns the amount in controversy requirement, the removing party bears the burden of showing with legal certainty that, based on the complaint, plaintiff may be entitled to recover the jurisdictional amount. *Frederico*, 507 F.3d at 194 (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993)). If the removing party does not sustain its burden of proof, the case should be remanded. 28 U.S.C. § 1447(c); *see Samuel-Bassett*, 357 F.3d at 403.

---

[1] After filing the Notice of Removal, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 3.) Because the Court finds it does not have subject matter jurisdiction over this matter, it may not address the merits of Defendant's motion to dismiss.

2

### III.    Analysis

The parties dispute the calculation of damages. Defendant calculates damages of $5,320,232.40 while Plaintiff calculates them to be $2,028,210.80. Neither party disputes the calculation of the UCC and the TCCWNA damages, nor the 280-member putative class size. The parties only dispute the proper trebling of damages under the CFA.

Violations of the CFA are subject to damages as defined by the statute. N.J.S.A. 56:8-1. The CFA states:

> Any person who suffers any ascertainable loss of moneys or property, real or personal, as a result of the use or employment by another person of any method, act, or practice declared unlawful under this act . . . may bring an action or assert a counterclaim therefor in any court of competent jurisdiction. In any action under this section the court shall . . . award threefold the damages sustained by any person in interest.

N.J.S.A. 56:8-19. In order to treble damages under the CFA, a party must prove "that he or she has suffered an 'ascertainable loss.'" *Bosland v. Warnock Dodge, Inc.*, 197 N.J. 543, 555 (2009) (quoting *Meshinsky v. Nicholas Yacht Sales, Inc.*, 110 N.J. 464, 472-73 (1988)). The Supreme Court of New Jersey has concluded that the term "ascertainable loss" means that a plaintiff "must suffer a definite, certain and measurable loss, rather than one that is merely theoretical." *Id.* at 558. In addition to proving an ascertainable loss, a party must show a causal relationship between that loss and the unlawful conduct. *Id.* at 557. Treble damages may only be awarded for an ascertainable loss caused by unlawful conduct. *Id.* If a plaintiff brings a CFA action in conjunction with other causes of action, only the damages arising from the CFA violation are subject to trebling. *See Ramanadham v. N.J. Mfrs. Ins. Co.*, 188 N.J. Super. 30, 33 (App. Div. 1982) (remanding a multi-claim action to the trial court for a new trial because it was unclear which damages resulted from the CFA violation and thus unclear which claims should be trebled).

Here, Defendant's $5,320,232.40 calculation resulted from an inappropriate trebling of statutory damages. In her Complaint, Plaintiff alleges that Defendant violated the UCC, the CFA, and the TCCWNA. (Compl. ¶ 1.) Plaintiff calculates her damages as such: $5,778.61 in statutory damages under the UCC; approximately $455 in damages under the CFA; and $100 in statutory penalties under the TCCWNA, for a combined amount of $6,333.61. (Pl.'s Moving Br. 3-4.) Plaintiff's Complaint also requests "treble damages pursuant to N.J.S.A. 56:8-19." (Compl. ¶ 74(G).) The critical point of contention is the proper trebling of damages.[2] As previously noted, only the CFA damages should be trebled. Statutory damages are not ascertainable losses under the CFA. *See Bosland*, 197 N.J. at 558. All non-CFA related causes of action are to be accounted for separately. *See Ramanadham*, 188 N.J. Super. at 33. Accordingly, only the $455.00 of CFA damages is trebled. Here, Defendant inappropriately trebles damages under all causes of action.[3] (Def.'s Opp'n Br. 4.) While Defendant argues that the Complaint can be read as requesting that the entire amount be trebled, the Court finds this argument unpersuasive. The Complaint specifically requests treble damages pursuant to N.J.S.A. 56:8-19, which clearly indicates that only ascertainable losses should be trebled. Therefore, the proper calculation of damages is $2,028,210.80 plus attorney's fees, an amount far less than the $5 million jurisdictional threshold of CAFA. It is for this reason that Chulsky's motion is granted.

---

[2] Defendant argues that Plaintiff seeks other additional amounts under the CFA. However, after determining that only damages arising under the CFA can be trebled, these additional amounts would need to be in excess of $2,500 per person in order to reach the $5 million jurisdictional threshold; far greater than the original alleged loss of $455.00.

[3] $6,333.61 trebled to equal $19,000.83, multiplied by 280 class members for a total of $5,320,232.40.

4

## IV. Conclusion

For the above reasons, the Court grants Plaintiff's motion to remand. An order reflecting this decision accompanies this Memorandum Opinion.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: August 5th, 2015